1  BENJAMIN B. WAGNER
   United States Attorney
2  DEANNA L. MARTINEZ
   Assistant United States Attorney
3  United States Courthouse
   2500 Tulare Street, Suite 4401
4  Fresno, California 93721
   Telephone: (559) 497-4000
5  Facsimile: (559) 497-4099

6  Attorneys for Plaintiff

7

8              IN THE UNITED STATES DISTRICT COURT FOR THE

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,        )  1:09-CV-01523-LJO-SMS
                                     )
12          Plaintiff,               )  **FINAL JUDGMENT OF FORFEITURE**
                                     )
13      v.                           )
                                     )
14  APPROXIMATELY $311,800.00 IN U.S. )
    CURRENCY,                        )
15                                   )
            Defendant.               )
16  _____)

17          Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, the Court finds:

18          1.      This is a civil forfeiture action against defendant approximately $311,800.00 in U.S.

19  Currency (hereafter "defendant currency").

20          2.      A Verified Complaint for Forfeiture *In Rem* was filed on August 27, 2009, seeking

21  the forfeiture of the defendant currency, alleging said currency is subject to forfeiture to the United

22  States of America pursuant to 21 U.S.C. § 881(a)(6) because the defendant currency constitutes

23  moneys or other things of value furnished or intended to be furnished in exchange for a controlled

24  substance or listed chemical, all proceeds traceable to such an exchange and/or was used or intended

25  to be used to facilitate one or more violations of 21 U.S.C. § 841 *et seq.*

26          3.      On September 3, 2009, in accordance with said Complaint, a Warrant for Arrest of

27  Articles *In Rem* for the defendant currency was issued and duly executed on September 10, 2009.

28  ///

Final Judgment of Forfeiture

4.     Public notice of the forfeiture action was published on the official internet government forfeiture site www.forfeiture.gov for at least 30 consecutive days beginning September 19, 2009, as required by Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  The Declaration of Publication was filed with the Court on November 5, 2009.

5.     In addition to the publication of the forfeiture action, actual notice was personally served upon claimant Noel Castillo and Denice Hector.  Claimant Noel Castillo filed a claim and an Answer in this action.  No other parties have filed claims or answers in this matter, and the time for which any person or entity may file a claim and answer has expired.

6.     The Clerk of the Court entered a Clerk's Certificate of Entry of Default against Denice Hector on November 17, 2009.  Pursuant to Local Rule 540, the United States and claimant Noel Castillo thus join in a request that as part of this Final Judgment of Forfeiture in this case the Court enter a default judgment against the interests if any, of Denice Hector.

7.     Claimant Noel Castillo represents and warrants that he is the sole owner of the defendant currency.

Based on the above findings, and the files and records of the Court, it is hereby

ORDERED AND ADJUDGED:

1.     The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2.     Judgment is hereby entered against Noel Castillo, Denice Hector, and all other potential claimants who have not filed claims in this action.

3.     Upon entry of a Final Judgment of Forfeiture, the defendant approximately $311,800.00 in U.S. Currency, together with any interest that may have accrued on this amount, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

4.     Plaintiff United States of America and its servants, agents, and employees, and all other public entities, their servants, agents, and employees, are released from any and all liability

Final Judgment of Forfeiture

arising out of or in any way connected with the arrest, seizure, or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said arrest, seizure, or forfeiture, as well as to those now known or disclosed. The parties waive the provisions of California Civil Code § 1542.

5. There was reasonable cause for the seizure and arrest of the defendant currency, and the Court may enter a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

6. All parties shall bear their own costs and attorneys' fees.

IT IS SO ORDERED.   MY SIGNATURE IN THE CERTIFICATE OF REASONABLE CAUSE IS INTENDED TO BE THE SIGNATURE FOR THE ORDER AS WELL.

### CERTIFICATE OF REASONABLE CAUSE

Based upon the allegations set forth in the Complaint for Forfeiture *In Rem* filed August 27, 2009, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure and arrest of the defendant currency.

IT IS SO ORDERED.

**Dated:   January 21, 2010**           **/s/ Lawrence J. O'Neill**
                                    UNITED STATES DISTRICT JUDGE

Final Judgment of Forfeiture